**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JASMIN RUIZ POLANCO,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EQUIFAX INFORMATION SERVICES, LLC,**<br><br>**Defendant.** | **Case No.:**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jasmin Ruiz Polanco, by and through the undersigned counsel, complains, states, and alleges against defendant Equifax Information Services, LLC, as follows:

## INTRODUCTION

1. This is an action for damages brought by Plaintiff against Defendant Equifax Information Services, LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

2. Congress enacted the FCRA based on a finding that "the banking system is dependent upon fair and accurate credit reporting," and that "consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681(a).

3. Congress further found that "there is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

4. Among the rights Congress created for consumers is the right to obtain a clear and accurate disclosure of all information contained in the consumer's file, so that the consumer may verify its accuracy and completeness. 15 U.S.C. § 1681g(a)(1).

## JURISDICTION AND VENUE

5. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6. This Court has personal jurisdiction over Equifax because Equifax is registered to conduct business in, and regularly conducts business within, the Commonwealth of Pennsylvania, and because the conduct complained of herein occurred within this Commonwealth.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District, and Plaintiff resides within this District.

## PARTIES

8. Plaintiff Jasmin Ruiz Polanco ("Plaintiff") is a natural person who is a citizen of the Commonwealth of Pennsylvania, residing in Lehigh County, Pennsylvania.

9. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

10. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company, with a principal business address of 1550 Peachtree St NW, Atlanta, GA 30309.

11. Equifax is registered to conduct business in the Commonwealth of Pennsylvania, where its registered agent is Corporation Service Company, 5235 North Front Street, Harrisburg, PA 17110.

12. Equifax is a nationwide "Consumer Reporting Agency" ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose

of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Equifax is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### Plaintiff's July 2026 Consumer Disclosure

13. On or about July 10, 2026, Equifax furnished Plaintiff with a copy of her consumer credit disclosure, identified by Confirmation No. 6191524869 (the "Disclosure").

14. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's request, Equifax was required to clearly and accurately disclose to Plaintiff all information in her file at the time of the request.

### Equifax's Disclosure Was Not Complete, Clear, or Accurate

### Missing Original Creditor

15. Equifax's Disclosure listed three tradelines reported by debt buyers: MIDLAND CREDIT MANAGEMENT, account number ending 0098, with a reported balance of $683; and LVNV FUNDING LLC, account numbers ending 3467 and 8104, with reported balances of $866 and $245, respectively (collectively, the "Debt Buyer Accounts"). **See Exhibit A.**

16. Equifax's own Disclosure classified each of the Debt Buyer Accounts as a "Debt Buyer Account."

17. Midland Credit Management and LVNV Funding LLC are debt buyers — companies whose business is purchasing and collecting debts originally owed to third parties. Neither is ever an Original Creditor.

18. Despite classifying each of the Debt Buyer Accounts as a debt buyer account, Equifax's Disclosure omitted any Original Creditor name for any of the three accounts.

19. Equifax's Disclosure demonstrates its capability to disclose an Original Creditor when the information is populated into its system: elsewhere in Plaintiff's file, in the Collections section, Equifax identified "LEHIGH VALLEY COORDINATED HEAL" as the Original Creditor for a collection tradeline reported by Lockhart Morris & Montgomery.

20. Equifax's failure to identify the Original Creditor for the Debt Buyer Accounts, while disclosing that same category of information for another tradeline in the same file, demonstrates that Equifax had the capacity to comply with 15 U.S.C. § 1681g(a) but failed to do so as to the Debt Buyer Accounts.

**Missing Account Status and Full Account Numbers**

21. Equifax's Disclosure left the "Status" field blank for each of the Debt Buyer Accounts, despite reporting a current balance for each. **See Exhibit A**.

22. A consumer reviewing the Debt Buyer Accounts cannot determine, from Equifax's Disclosure, whether the accounts are open, closed, disputed and resolved, or otherwise currently postured, because Equifax provided no account status designation for any of them.

23. Equifax's Disclosure also omitted the full account numbers for the Debt Buyer Accounts, disclosing only truncated numbers ending in 0098, 3467, and 8104, respectively.

24. Upon information and belief, Midland Credit Management and LVNV Funding LLC each reported full account numbers to Equifax, and this information was contained in Equifax's file on Plaintiff at the time of her request.

25. The omission of the Original Creditor, full account number, and account status for the Debt Buyer Accounts left Plaintiff unable to identify, research, or verify the true nature, origin, and status of these tradelines against her own records.

26. The failure to disclose all such information violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. See Washington v. Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019).

27. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact sufficient for Article III standing. See Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982).

28. The Credit Reporting Resource Guide, published by the Consumer Data Industry Association ("CDIA"), a trade association representing CRAs including Equifax, states that the purpose of reporting the original creditor name is to help consumers identify the source of accounts appearing on their credit reports, and that without it, consumers may not know what the accounts represent. **See Exhibit C.**

29. Pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), a CRA that scrambles or truncates account numbers does not technically comply with Section 609 of the FCRA because it fails to provide "accurate" and "clear" disclosure of "all information" in the file. **See Exhibit B.**

30. Equifax's omission of the Original Creditor, account status, and full account numbers for the Debt Buyer Accounts greatly decreased Plaintiff's ability to understand her consumer credit disclosure, identify the accounts, and compare them against her own records, causing her frustration and emotional distress.

**<u>Plaintiff's July 2026 Dispute and Equifax's August 2026 Investigation Results</u>**

31. Separately from the Debt Buyer Accounts described above, in July 2026 Plaintiff identified reporting deficiencies in seven other tradelines in her Equifax file: Mariner Finance (account ending 4515); Capital One Bank USA NA (account ending 3694); Santander Bank, N.A

(account ending 1000); Grow Credit Inc (account ending 4OFU); Kikoff Lending, LLC (account ending 4EJR); Mariner Finance (account ending 4016); and Kikoff Lending, LLC (account ending X756) (collectively, the "Disputed Accounts").

32. On July 22, 2026, Plaintiff submitted a written dispute to Equifax, identified by Confirmation No. 6191524869, identifying internally inconsistent and inaccurate data reported for each of the Disputed Accounts, including contradictory delinquency and closure dates, payment history gaps, and account statuses contradicted by the accounts' own payment histories.

33. The USPS tracking record for that dispute, Tracking No. 9207190260895001098345, confirms it was delivered in Atlanta, Georgia on July 28, 2026, at 10:21 a.m.

34. On August 14, 2026, Equifax issued written dispute results, identified by Confirmation No. 6211520834, addressing Plaintiff's dispute of the Disputed Accounts.

35. As to two of the Disputed Accounts, Mariner Finance (account ending 4016) and Santander Bank, N.A (account ending 1000), Equifax's results confirmed those accounts were removed from Plaintiff's Equifax credit report.

36. As to three of the remaining Disputed Accounts, Equifax's results represented that its investigation concluded the disputed information was reporting accurately, notwithstanding the internal inconsistencies Plaintiff had identified.

37. As to the remaining two Disputed Accounts, Equifax's results represented that the disputed information should be updated, yet Equifax continued to report that information, in substantially the same form, following its investigation.

38. Plaintiff subsequently obtained an updated Equifax consumer disclosure dated September 1, 2026 (the "Post-Investigation Disclosure"), which shows that each of the five

Disputed Accounts remaining in Plaintiff's file continued to carry a narrative code indicating an active reinvestigation in process, more than two weeks after Equifax represented that its investigation had been completed Equifax's own records are therefore internally inconsistent as to whether a reasonable reinvestigation of the Disputed Accounts was, in fact, completed.

39. Plaintiff has suffered damages as a result of Equifax's conduct described above, including frustration, anxiety, and difficulty relying on and understanding her own credit file.

40. Plaintiff has hired the undersigned counsel to represent her in this matter and has assigned to counsel her right to obtain reimbursement for reasonable fees and costs.

## FIRST COUNT

## Violation of 15 U.S.C. § 1681g(a)(1) (Willful)

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

43. Equifax is a "consumer reporting agency" within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

44. Pursuant to 15 U.S.C. § 1681g(a)(1), Equifax was required to clearly and accurately disclose to Plaintiff all information in her file at the time of her request.

45. Equifax willfully failed to clearly and accurately disclose the Debt Buyer Accounts by omitting the Original Creditor, account status, and full account numbers for each, despite disclosing that same category of information for another tradeline within the same Disclosure.

46. Equifax's disparate treatment of substantially similar debt-related tradelines demonstrates that Equifax knowingly or recklessly disregarded its statutory obligations under 15 U.S.C. § 1681g(a)(1).

47. As a direct and proximate result of Equifax's willful violation of the FCRA, Plaintiff suffered damages, including frustration and difficulty verifying the accuracy of her credit file.

48. Equifax is liable to Plaintiff pursuant to 15 U.S.C. § 1681n for the greater of Plaintiff's actual damages and statutory damages of up to $1,000 per violation, plus punitive damages, attorneys' fees, and costs.

**SECOND COUNT**

**Violation of 15 U.S.C. § 1681g(a)(1) (Negligent)**

49. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

50. Pursuant to 15 U.S.C. § 1681g(a)(1), Equifax was required to clearly and accurately disclose to Plaintiff all information in her file at the time of her request.

51. Equifax negligently failed to clearly and accurately disclose the Debt Buyer Accounts by omitting the Original Creditor, account status, and full account numbers for each.

52. As a direct and proximate result of Equifax's negligent violation of the FCRA, Plaintiff suffered damages, including frustration and difficulty verifying the accuracy of her credit file.

53. Equifax is liable to Plaintiff pursuant to 15 U.S.C. § 1681o for Plaintiff's actual damages, attorneys' fees, and costs.

**THIRD COUNT**

**Violation of 15 U.S.C. § 1681e(b) (Willful)**

54. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

55. Equifax was required to follow reasonable procedures to assure the maximum possible accuracy of the information it reported concerning the Disputed Accounts, pursuant to 15 U.S.C. § 1681e(b).

56. On at least one occasion, Equifax violated 15 U.S.C. § 1681e(b) by verifying as accurate, and continuing to report, Disputed Account information that was internally inconsistent on its face, as described above.

57. Equifax's procedures were unreasonable in that they permitted Equifax to complete an investigation and verify as accurate, or represent as updated without correction, data containing the internal contradictions described above.

58. Equifax has willfully and recklessly failed to comply with the FCRA.

59. As a direct and proximate result of Equifax's willful violation of the FCRA, Plaintiff suffered damages, including frustration, anxiety, and difficulty relying on her credit file.

60. Equifax is liable to Plaintiff pursuant to 15 U.S.C. § 1681n for the greater of Plaintiff's actual damages and statutory damages of up to $1,000 per violation, plus punitive damages, attorneys' fees, and costs.

**FOURTH COUNT**

**Violation of 15 U.S.C. § 1681e(b) (Negligent)**

61. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

62. Equifax owed Plaintiff a legal duty to follow reasonable procedures to assure maximum possible accuracy of information in reports it sold regarding Plaintiff, pursuant to 15 U.S.C. § 1681e(b).

63. Equifax breached that duty by continuing to sell and report the Disputed Accounts containing the inaccurate, incomplete, and internally contradictory information described above.

64. As a direct and proximate result of Equifax's negligent violation of the FCRA, Plaintiff suffered damages, including frustration, anxiety, and difficulty relying on her credit file.

65. Equifax is liable to Plaintiff pursuant to 15 U.S.C. § 1681o for Plaintiff's actual damages, attorneys' fees, and costs.

**FIFTH COUNT**

**Violation of 15 U.S.C. § 1681i(a)(1)(A) (Willful)**

66. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

67. Equifax was required to conduct a reasonable reinvestigation with respect to the Disputed Accounts, pursuant to 15 U.S.C. § 1681i(a)(1)(A).

68. On at least one occasion, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation of the Disputed Accounts, as shown by its verification as accurate of data containing facial internal inconsistencies, and by its own records continuing to designate the Disputed Accounts as subject to an active reinvestigation more than two weeks after Equifax represented to Plaintiff that its investigation had concluded, as described above.

69. Equifax has willfully and recklessly failed to comply with the FCRA.

70. As a direct and proximate result of Equifax's willful violation of the FCRA, Plaintiff suffered damages, including frustration, anxiety, and difficulty relying on her credit file.

71. Equifax is liable to Plaintiff pursuant to 15 U.S.C. § 1681n for the greater of Plaintiff's actual damages and statutory damages of up to $1,000 per violation, plus punitive damages, attorneys' fees, and costs.

**SIXTH COUNT**

**Violation of 15 U.S.C. § 1681i(a)(1)(A) (Negligent)**

72. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

73. Equifax owed Plaintiff a legal duty to conduct a reasonable reinvestigation with respect to the Disputed Accounts, pursuant to 15 U.S.C. § 1681i(a)(1)(A).

74. Equifax breached that duty by failing to conduct a reasonable reinvestigation of the Disputed Accounts, as described above.

75. As a direct and proximate result of Equifax's negligent violation of the FCRA, Plaintiff suffered damages, including frustration, anxiety, and difficulty relying on her credit file.

76. Equifax is liable to Plaintiff pursuant to 15 U.S.C. § 1681o for Plaintiff's actual damages, attorneys' fees, and costs.

**SEVENTH COUNT**

**Violation of 15 U.S.C. § 1681i(a)(4) (Willful)**

77. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

78. Equifax was required to review and consider all relevant information submitted by Plaintiff with respect to the Disputed Accounts, pursuant to 15 U.S.C. § 1681i(a)(4).

79. On at least one occasion, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider the internally inconsistent data Plaintiff identified in her July 22, 2026 dispute, as shown by Equifax's verification of that data as accurate, or its representation that the data should be updated without any corresponding correction, as described above.

80. Equifax has willfully and recklessly failed to comply with the FCRA.

81. As a direct and proximate result of Equifax's willful violation of the FCRA, Plaintiff suffered damages, including frustration, anxiety, and difficulty relying on her credit file.

82. Equifax is liable to Plaintiff pursuant to 15 U.S.C. § 1681n for the greater of Plaintiff's actual damages and statutory damages of up to $1,000 per violation, plus punitive damages, attorneys' fees, and costs.

**EIGHTH COUNT**

**Violation of 15 U.S.C. § 1681i(a)(4) (Negligent)**

83. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

84. Equifax owed Plaintiff a legal duty to review and consider all relevant information Plaintiff submitted with respect to the Disputed Accounts, pursuant to 15 U.S.C. § 1681i(a)(4).

85. Equifax breached that duty by failing to review and consider the information Plaintiff submitted, as described above.

86. As a direct and proximate result of Equifax's negligent violation of the FCRA, Plaintiff suffered damages, including frustration, anxiety, and difficulty relying on her credit file.

87. Equifax is liable to Plaintiff pursuant to 15 U.S.C. § 1681o for Plaintiff's actual damages, attorneys' fees, and costs.

**NINTH COUNT**

**Violation of 15 U.S.C. § 1681i(a)(5) (Willful)**

88. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

89. Equifax was required to delete, from Plaintiff's file, information that could not be verified after a reasonable reinvestigation, pursuant to 15 U.S.C. § 1681i(a)(5).

90. On at least one occasion, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete or correct the Disputed Account information despite its internally contradictory and facially unverifiable character, and by continuing to report that information notwithstanding.

91. Equifax has willfully and recklessly failed to comply with the FCRA.

92. As a direct and proximate result of Equifax's willful violation of the FCRA, Plaintiff suffered damages, including frustration, anxiety, and difficulty relying on her credit file.

93. Equifax is liable to Plaintiff pursuant to 15 U.S.C. § 1681n for the greater of Plaintiff's actual damages and statutory damages of up to $1,000 per violation, plus punitive damages, attorneys' fees, and costs.

**TENTH COUNT**

**Violation of 15 U.S.C. § 1681i(a)(5) (Negligent)**

94. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

95. Equifax owed Plaintiff a legal duty to delete information that could not be verified after a reasonable reinvestigation, pursuant to 15 U.S.C. § 1681i(a)(5).

96. Equifax breached that duty by failing to delete or correct the Disputed Account information, as described above.

97. As a direct and proximate result of Equifax's negligent violation of the FCRA, Plaintiff suffered damages, including frustration, anxiety, and difficulty relying on her credit file.

98. Equifax is liable to Plaintiff pursuant to 15 U.S.C. § 1681o for Plaintiff's actual damages, attorneys' fees, and costs.

## JURY DEMAND

Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

a. Finding that Equifax's actions violate the FCRA; and

b. Awarding Plaintiff the greater of her actual damages and statutory damages of up to $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A); and

c. Awarding Plaintiff punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and

d. Awarding Plaintiff her actual damages pursuant to 15 U.S.C. § 1681o(a)(1); and

e. Awarding Plaintiff's reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

f. Awarding pre-judgment and post-judgment interest to Plaintiff; and

g. Such other and further relief that the Court determines is just and proper.

Dated: October 27, 2026

Respectfully Submitted,

*/s/ Antranig Garibian*
**Antranig Garibian, Esquire**
Garibian Law Offices, P.C.
261 Old York Road, Unit 427
Jenkintown, PA 19046
*Counsel for Plaintiff Jasmin Ruiz Polanco*